SR: USAO 2012R00761

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 MAR 13 P 3:11

CLERK'S OFFICE
AT GREENBELT

_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CRIMINAL NO. PJM 13 CR 0121 |
| | * | |
| **OLUWASEUN SANYA,** | * | (Use of Unauthorized Access Devices, |
| | * | 18 U.S.C. § 1029(a)(2); Aggravated |
| **Defendant** | * | Identity Theft, 18 U.S.C. § 1028A; |
| | * | Possession of Counterfeit Access |
| | * | Devices, 18 U.S.C. § 1029(a)(3); |
| | * | Committing Offense While on Release, |
| | * | 18 U.S.C. § 3147; Forfeiture, 18 U.S.C. |
| | * | § 1029(c), 18 U.S.C. § 982) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
### (Access Device Fraud)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1. Defendant **OLUWASEUN SANYA** was a resident of the District of Maryland.

2. An "access device," as defined in Title 18, United States Code, Section 1029(e)(1), was, among other things, a credit card number, or other means to access an account that could be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value.

3. A "counterfeit access device," as defined in Title 18, United States Code, Section 1029(e)(2), was any access device that was counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or counterfeit access device.

4. An "unauthorized access device," as defined in Title 18, United States Code, Section 1029(e)(3), was any access device that was lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

### The Charge

5. Between on or about July 31, 2012 and on or about September 15, 2012, in the District of Maryland and elsewhere, the defendant,

**OLUWASEUN SANYA,**

knowingly and with intent to defraud, did traffic in and use one or more unauthorized access devices, and by such conduct obtained things of value aggregating $1,000 or more, in a manner affecting interstate and foreign commerce.

6. It is further alleged that at the time of the offense described in Count One above, defendant **SANYA** was released under Title 18, United States Code, Chapter 207, in the criminal case of *United States v. Oluwaseun Sanya*, criminal case number PJM-12-0379.

18 U.S.C. § 1029(a)(2)
18 U.S.C. § 3147
18 U.S.C. § 2

## COUNT TWO
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 4, and 6 of Count One are incorporated here.

2. On or about September 15, 2012, in the District of Maryland and elsewhere, the defendant,

**OLUWASEUN SANYA,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), did knowingly use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the credit card account number (***********0101) belonging to R.M., during and in relation to access device fraud under 18 U.S.C. § 1029(a)(2), as charged in Count One of this Indictment and incorporated here.


18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 3147
18 U.S.C. § 2

## COUNT THREE
### (Possession of Counterfeit Access Devices)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 4, and 6 of Count One are incorporated here.

2. On or about September 15, 2012, in the District of Maryland and elsewhere, the defendant,

**OLUWASEUN SANYA,**

knowingly and with intent to defraud did possess fifteen or more counterfeit access devices affecting interstate and foreign commerce, including but not limited to American Express pre-paid gift cards encoded with the banking information of other individuals.

18 U.S.C. § 1029(a)(3)
18 U.S.C. § 3147
18 U.S.C. § 2

## COUNT FOUR
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 4, and 6 of Count One are incorporated here.

2. On or about September 15, 2012, in the District of Maryland and elsewhere, the defendant,

**OLUWASEUN SANYA,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), did knowingly possess, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, to wit: the credit card account number (***********1014) belonging to R.G., during and in relation to access device fraud under 18 U.S.C. § 1029(a)(3), as charged in Count Three of this Indictment and incorporated here.

18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 3147
18 U.S.C. § 2

# FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1029(c), and Title 18, United States Code, Section 982, in the event of the defendant's conviction on Counts One or Three of this Indictment.

2. As a result of the offenses set forth in Counts One and Three of this Indictment, the defendant,

**OLUWASEUN SANYA,**

shall forfeit to the United States of America all property, real and personal, (a) which was used or intended to be used to commit the offense, or (b) which constitutes and is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, the following:

    a. A sum of money equal to the value of the proceeds of the charged offense, which amount is at least $10,000.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

18 U.S.C. § 1029(c)
18 U.S.C. § 982

                                      *Rod J. Rosenstein/SR*
                                      Rod J. Rosenstein
                                      United States Attorney

Date: March 13, 2013

**SIGNATURE REDACTED**   **SIGNATURE REDACTED**
GRAND JURY FOREPERSON