# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OLUWASEUN SANYA,<br><br>Defendant. | Crim. Action No. TDC-12-0379<br>Crim. Action No. TDC-13-0121 |

## MEMORANDUM ORDER

Pending before the Court is Defendant Oluwaseun Sanya's Emergency Motion for Compassionate Release. On May 18, 2015, the Court sentenced Sanya to 90 months of imprisonment on the charge of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2), in Case No. TDC-12-0379. On September 11, 2015, the Court sentenced Sanya in Case No. TDC-13-0121 to a total term of imprisonment of 81 months, to run consecutively to the sentence imposed in Case No. TDC-12-0379, after Sanya was convicted of access device fraud, in violation of 18 U.S.C. § 1029(a)(2), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Sanya is presently designated to the United States Penitentiary Hazelton ("USP-Hazelton") in Bruceton Mills, West Virginia. Including pretrial detention, Sanya has served approximately 95 months of the total of 171 months to which he has been sentenced and is presently scheduled to be released, assuming good time credits, on March 9, 2025.

In his Motion, Sanya seeks a reduction of his sentence under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic and the significant health risk that exposure to the coronavirus would pose to him in light of various medical conditions. The Government opposes the Motion.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > (i) extraordinary and compelling reasons warrant such a reduction;
> >
> > \* \* \*
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The parties agree that Sanya has satisfied the requirement to exhaust administrative remedies because he sent a request for compassionate release to the Warden of USP-Hazelton on June 30, 2020, and more than 30 days have elapsed since that request was made.

Sanya argues that the COVID-19 pandemic and his specific vulnerability to COVID-19 based on certain medical conditions present "extraordinary and compelling reasons" that warrant a reduction in his sentence to time served. In the context of the COVID-19 pandemic, the Court has concluded that the requirement of "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A) can be satisfied when the defendant is at high risk for death or severe illness from COVID-19 based on age, medical conditions, or other factors and is incarcerated within a prison in which there is imminent risk of exposure to the coronavirus.

Sanya is presently 35 years old and asserts that he has hypertension, respiratory infections, and kidney problems. The guidance of the Centers for Disease Control and Prevention ("CDC") states that an individual with hypertension "might be at increased risk for severe illness from COVID-19," which places hypertension among conditions in the second tier of seriousness, below those conditions that definitively place someone "at increased risk." *See People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 3, 2020). Although Sanya's medical records reflect that he has a history of hypertension, they state that the condition is "diet controlled," provide no evidence of any need for medication or treatment, and list multiple 2019 blood pressure readings that did not reflect that they are above normal levels. Med. Records at 18, 22, 31 Mot. Ex. 1, ECF No. 102-1. The records also provide scant evidence of respiratory infections or kidney problems and do not establish that Sanya has any of the specific respiratory or kidney conditions identified by the CDC as placing an individual at high risk for severe illness from COVID-19. Thus, even if Sanya could be classified as having a high-risk condition based on his history of hypertension, his present health circumstances do not rise to level of extraordinary and compelling reasons warranting a sentence

reduction. This conclusion is bolstered by the fact that there are only limited cases of COVID-19 at USP-Hazelton. As of November 3, 2020, there were only two inmates and two staff members with active cases of COVID-19, in addition to 24 other inmates and staff who had COVID-19 have now recovered. *Federal Bureau of Prisons COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Nov. 3, 2020).

Even if there were extraordinary and compelling reasons, compassionate release would also require consideration of the factors in 18 U.S.C. § 3553(a) and an assessment of whether a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Although the relevant policy statement in the sentencing guidelines permits a reduction based only on meeting the broad category of "extraordinary and compelling reasons," U.S.S.G. § 1B1.13(1)(A) & app. note 1(D), it specifically requires consideration of whether the prisoner presents a danger to others or to the community, U.S.S.G. § 1B1.13(2).

As to the § 3553(a) factors, the original sentences appropriately balanced the purposes of sentencing and reflected the nature and circumstances of Sanya's offenses, as the identity theft and fraud activity was very serious and detrimental to the community. Although the consecutive sentences resulted in a lengthy overall sentence for someone with only a limited criminal record, they were justified and appropriate because Sanya committed the second set of offenses while on pre-sentence release for the first offense. *See* 18 U.S.C. § 3147. Particularly where Sanya has had several infractions while incarcerated, the § 3553(a) factors do not provide a basis to warrant the requested sentence reduction. Under these circumstances, the Court need not determine whether Sanya continues to present a danger to the community.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Sanya's Emergency Motion for Compassionate Release, ECF No. 100, is DENIED.

Date:  November 4, 2020

THEODORE D. CHUANG
United States District Judge